**UNITED STATES of America, Plaintiff,**

v.

**Henry L. SOSNOWSKI, D.J. Weis, and Home Mutual Insurance Company, Defendants.**

No. 92–C–598–S.

United States District Court, W.D. Wisconsin.

Feb. 5, 1993.

---

Mark A. Cameli, Asst. U.S. Atty., Madison, WI, for plaintiff.

D.J. Weis, Johnson, Weis, Paulson & Priebe, Rhinelander, WI, for defendants Sosnowski and Weiss.

Ward I. Richter, Bell, Metzner, Gierhart & Moore, Madison, WI, for defendant Home Mut. Ins. Co.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

Plaintiff commenced this action against defendants Henry L. Sosnowski, D.J. Weis, Home Mutual Insurance Company ("Home Mutual") and George A. Richards for reimbursement of Medicare payments pursuant to 42 U.S.C. § 1395y(b)(2) and related regulations. The parties have stipulated to the dismissal of defendant Richards.

The matter is currently before the Court on plaintiff's motion for judgment on the pleadings against defendants Sosnowski and Weis pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Defendants have submitted matters outside the pleadings and request the Court to treat the motion as one for summary judgment. Plaintiff joins defendants in this request. Accordingly, the Court will treat this motion as one for summary judgment.

A summary of the procedural background and other relevant facts follows. The facts necessary to resolve this motion are undisputed.

## BACKGROUND

On about September 11, 1986 defendant Sosnowski sustained injuries in a car accident.

Sosnowski was eligible for benefits through the federal Medicare program, 42 U.S.C. §§ 1395 *et seq.*, administered by the Health Care Financing Administration ("HCFA"), an agency of the Department of Health and Human Services ("HHS"). As of November 15, 1990 HCFA paid $15,066.68 in claims submitted on behalf of Sosnowski for medical services provided as a result of the accident.

Sosnowski commenced an action in the Circuit Court for Lincoln County, Wisconsin against Gerald J. Kurth and his insurer, Home Mutual, alleging that Kurth's negligence caused the accident and Sosnowski's injuries. The nominal defendants listed included Wisconsin Physicians Services Ins. Corp. ("WPS") and Blue Cross & Blue Shield United of Wisconsin ("BCBS").

The Circuit Court issued findings of facts and conclusions of law on June 15, 1988. The Circuit Court found that nominal defendants WPS and BCBS had been properly served but failed to make an appearance and were in default. The Circuit Court concluded: "That because these nominal defendants have been placed on notice of this lawsuit and have failed to assert any claims which they may have against any parties to this lawsuit relating to contractual and/or statutory rights of subrogation, such rights are hereby extinguished."

Sosnowski and Home Mutual, by their respective attorneys, Weis and Richards, stipulated to the entry of judgment for Sosnowski in the amount of $25,000, the limit of the policy, without costs and attorney's fees. Home Mutual paid this amount to Sosnowski and his attorney Weis who provided a satisfaction of judgment and a release of all liabilities concerning the accident.

Neither Sosnowski nor Weis has reimbursed HCFA from the settlement proceeds pursuant to 42 U.S.C. § 1395y(b)(2) and related regulations. The government filed this action on August 14, 1992.

## MEMORANDUM

Plaintiff requests that the Court enter judgment against defendants Sosnowski and Weis, jointly and severally, for $15,066.68 plus double damages and costs. Defendants Sosnowski and Weis seek to have the Court extinguish the Medicare lien and grant summary judgment in their favor. Primarily at issue is whether the government is entitled to reimbursement under 42 U.S.C. § 1395y(b)(2) and related regulations from the settlement proceeds received by defendants Sosnowski and Weis regardless of the default judgment against WPS and BCBS in the third party action.

Summary judgment is appropriate when, after both parties have the opportunity to submit evidence in support of their respective positions and the court has reviewed such evidence in the light most favorable to the nonmovant, there remains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

A factual dispute is material only if its resolution might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A factual dispute is genuine only if a reasonable fact-finder could return a verdict for the nonmoving party. *Id.* The nonmoving party has the obligation to set forth specific facts showing that there is a genuine issue for trial. Fed. R.Civ.P. 56(e).

■ Generally the government is granted a direct right of action to recover conditional payments from entities which are required to make payments under a primary plan, or from other entities which have received payment from such entities. 42 U.S.C. § 1395y(b)(2)(B)(ii). Payment by Medicare is conditional when payment has been or can reasonably be expected to be made under an automobile or liability insurance policy. 42 U.S.C. § 1395y(b)(2). Regulation 42 C.F.R. § 411.24, entitled "Recovery of conditional payments," provides in part:

(g) Recovery from parties that receive third party payments. *HCFA has a right of action to recover its payments from any*

*entity, including a beneficiary,* provider, supplier, physician, *attorney,* State agency or private insurer *that has received a third party payment.*

(h) Reimbursement to Medicare. If the beneficiary or other party receives a third party payment, the beneficiary or other party must reimburse Medicare within 60 days.

(i) Special rules. (1) In the case of liability insurance settlements and disputed claims under employer group health plans and no-fault insurance, the following rule applies: If Medicare is not reimbursed as required by paragraph (h) of this section, the third party payer must reimburse Medicare even though it has already reimbursed the beneficiary or other party.

(2) The provisions of paragraph (i)(1) of this section also apply if a third party payer makes its payment to an entity other than Medicare when it is, or should be, aware that Medicare has made a conditional primary payment.

(Emphasis added.)

In this case Sosnowski and his attorney Weis received a third party settlement payment of $25,000. They admit that they did not reimburse HCFA from the settlement proceeds pursuant to 42 U.S.C. § 1395y(b)(2) and related regulations. The government has an independent right of recovery against any entity, including a beneficiary or an attorney, which has received a third party payment. 42 C.F.R. § 411.24(g). Therefore, plaintiff is entitled to bring this action against defendants Sosnowski and his attorney Weis for reimbursement of Medicare payments.

■ Defendants Sosnowski and Weis do not contest the requirements of the above statutes and regulations. In fact they do not even address the applicable statutes or regulations in their brief. They seek to extinguish the Medicare lien solely on two grounds: default and equitable estoppel.

Sosnowski and Weis generally contend that plaintiff's right to reimbursement was extinguished by the default judgment in the state court action against WPS and BCBS, agents of the government. Regardless of whether WPS and BCBS acted as agents of the government, they remain private entities and are not federal agencies. Neither the United States nor any of its federal agencies or officers were named in the state action. It appears that the real party in interest in litigation involving the administration of the Medicare Act is the HCFA. 42 C.F.R. § 421.5(b). However, in his official capacity, the Secretary of HHS can also be substituted. Defendants acknowledge that they did not name or make proper service upon the HCFA or the Secretary of HHS.

■ Defendants further claim that the government had actual notice of the state action and that this suffices to meet the requirements of Rule 4(d) of the Federal Rules of Civil Procedure. Correspondence between Weis and Assistant U.S. Attorney David C. Sarnacki indicates that Sarnacki knew of the state action. Weis also sent Sarnacki an authenticated copy of the amended summons and the amended complaint. However, regardless of whether the government was properly served in the state court action, neither it nor any federal agencies were named in the state action and therefore no default judgment exists against them.

■ Further, it is clear from the applicable statutes and regulations that the government has an independent right of action in this instance. Once Sosnowski and Weis received the settlement proceeds, they were required to reimburse Medicare within sixty days. *See* 42 C.F.R. § 411.24(h). When they did not the government could, and did, commence an action against them for reimbursement. *See* 42 C.F.R. § 411.24(g). The intent of the Medicare Secondary Payer Statute enacted in 1981 and the subsequently promulgated regulations was to reduce the cost of the Medicare program by requiring Medicare to pay "secondary" to alternate sources. *Blue Cross & Blue Shield Ass'n v. Sullivan,* 794 F.Supp. 1166, 1168–70 (D.D.C. 1992).

■ Defendants Sosnowski and Weis argue that the plaintiff should be equitably estopped from pursuing the Medicare lien. Estoppel against the government has been

recognized only in "certain narrow circumstances." *United States v. Lindberg Corp.*, 882 F.2d 1158, 1163 (7th Cir.1989) (quoting *Woodstock/Kenosha Health Center v. Schweiker*, 713 F.2d 285, 290 (7th Cir.1983)). These circumstances exist when:

> First, the party to be estopped must know the facts. Second, this party must intend that his conduct shall be acted upon, or must so act that the party asserting estoppel has a right to believe it is so intended. Third, the party asserting estoppel must have been ignorant of the facts. Finally, the party asserting estoppel must reasonably rely on the other's conduct to his substantial injury.

*Id.*

Sosnowski and Weis claim that despite the government's actual notice of the state action, it did nothing. Defendants assert that the inaction of the government and its agents "induced the defendants to proceed in the [state] action, seek a default judgment against WPS and BCBS, stipulate to judgment and disburse the proceeds of that judgment, without further contact with the United States of America and its agents." As previously noted, the government or its officers or agencies were not named as nominal defendants in the state action. Further, it appears that Weis did not notify Sarnacki of the default of the nominal defendants or the subsequent entry of judgment in the state action until sometime after the judgment had been entered. In a letter to Sarnacki dated July 28, 1987, Weis acknowledged that he had notification of the Medicare lien and he was required to notify Sarnacki of any settlement. However, the Circuit Court entered judgment on June 15, 1988, and Sarnacki's October 5, 1988 letter to Weis inquiring about the status of the case indicates that Weis had not notified Sarnacki. The Court finds defendants' arguments without merit and accordingly concludes that the government is not equitably estopped from pursuing this action to recover the Medicare payments.

The relevant section of title 42 of the Code of Federal Regulations provides:

> § 411.37 Amount of Medicare recovery when a third party payment is made as a result of a judgment or settlement.

> \*       \*       \*       \*       \*       \*

> (e) HCFA incurs procurement costs because of opposition to its recovery. If HCFA must bring suit against the party that received payment because that party opposes HCFA's recovery, the recovery amount is the lower of the following:

> (1) Medicare payment.

> (2) The total judgment or settlement amount, minus the party's total procurement cost.

The government asserts that pursuant to 42 C.F.R. § 411.37(e)(1) it should recover the amount of the Medicare payment, $15,066.68. The Court agrees.

■  Plaintiff also argues that it is entitled to double the amount of damages, or $30,133.36. Double the amount of damages is available when a primary plan fails to provide for primary payment or appropriate reimbursement under 42 U.S.C. § 1395y(b)(1) and (2)(A). 42 U.S.C. § 1395y(b)(3)(A); *see also* 42 U.S.C. § 1395y(b)(2)(B)(ii). Defendants do not address this issue. The Court finds double damages are not appropriate in this instance, because neither defendant Sosnowski nor defendant Weis is a primary plan. Pursuant to 42 U.S.C. § 1395y(b)(3)(A), double damages only appear to be available when the primary plan fails.

As previously discussed, there is no default judgment against plaintiff in the state court action as neither the United States nor any federal agencies were named in that action. Accordingly, the arguments of defendant Weis in his letter to this Court dated January 27, 1993 are without merit.

## ORDER

IT IS ORDERED that plaintiff's motion for summary judgment is PARTIALLY GRANTED concerning the amount of $15,066.68.

IT IS FURTHER ORDERED that the motion for summary judgment of defendants Sosnowski and Weis is DENIED.